**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HIRAM GARCIA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KUEHNE + NAGEL INC.,<br><br>Defendant. | ) | No. 25-3802 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Kuehne + Nagel Inc. ("KN" or "Defendant"), by and through its undersigned counsel, hereby gives notice of removal of this action filed in the Court of Common Pleas of Philadelphia County, Pennsylvania and docketed as *Hiram Garcia, on behalf of himself and others similarly situated v. Kuehne + Nagel Inc.,* Case No.: 250603367. As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal under 28 U.S.C. § 1446, and this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of removal, Defendant avers:

## THE STATE COURT ACTION

1. Plaintiff Hiram Garcia commenced this action against KN by filing a Class Action Complaint on June 27, 2025 in the Court of Common Pleas of Philadelphia County, Pennsylvania. Exhibit "A." The Complaint bears Case No.: 250603367. *See id.*

2. KN was served with the Complaint on Thursday, July 3, 2025. *See* Exhibit "B."

3. The Complaint arises out of KN's alleged failure to pay wages owed to Plaintiff under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 33.101, *et seq*. *See* Ex. A at ¶¶ 22-27.

4. Specifically, Plaintiff alleges that KN violated the PMWA by failing to pay employees wages for time associated with "security screening and associated activities." *See id.* ¶ 27.

5. Plaintiff asserts one claim against KN for failure to pay wages under the PMWA. *See generally id.*

**DIVERSITY JURISDICTION**

6. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . (1) citizens of different States."

7. This action satisfies the complete diversity of citizenship requirements of 28 U.S.C. § 1332(a)(1).

8. Upon information and belief, Plaintiff is a resident and citizen of the Commonwealth of Pennsylvania.

9. A corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c).

10. At all relevant times, KN was and is a New York corporation with its principal place of business in Jersey City, New Jersey.

11. Therefore, for diversity purposes, KN is a citizen of New York and New Jersey.

12. The citizenship of any unnamed putative class members is disregarded for purposes of diversity jurisdiction. *See in re School Asbestos Litigation*, 921 F.2d 1310, 1317 (3d Cir. 1990) ("[C]omplete diversity is required only between the named plaintiffs and the named defendants in a federal class action.") (citing 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and*

*Procedure* § 3606, at 424 (2d ed. 1986) ("The courts look only to the citizenship of the representative parties in a class action.")).

13. Complete diversity therefore exists because Plaintiff is a citizen of Pennsylvania and KN is a citizen of New York and New Jersey.

14. This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

15. Plaintiff brings his lawsuit "as a class action on behalf of all individuals employed by Defendant at the Alburtis facility and paid an hourly wage during any time since June 27, 2022." Ex. A. ¶ 13.

16. Plaintiff also indicates in the civil cover sheet attached to the Complaint that the "Gross Amount" of Plaintiff's claims is "[o]ver $50,000" if the action resolves as a class action. *See* Ex. A, Prayer For Relief, n.4.

17. Plaintiff attempts to avoid removal by stating in a footnote that "[i]f this lawsuit were to proceed *on behalf of Plaintiff alone* . . . and Plaintiff prevails under the PMWA, Plaintiff's counsel hereby ***waives*** any right to recover (and will not seek to recover) attorney's fees that, in combination with Plaintiff's award of unpaid wages, results in an aggregate recovery 'exceed[ing] the sum or value of $75,000, exclusive of interests or costs.'" Ex. A, Prayer For Relief, n.3 (emphasis in original).

18. Garcia, however, ***must*** move for certification. *See* Pa. R. Civ. P. 1707 (mandating that a plaintiff "shall move that the action be certified as a class action" within 30 days after pleadings close).

19. Should Garcia be successful in certifying the class he has proposed, counsel's purported stipulation limiting the recovery of attorneys' fees would no longer apply.

20. In light of Plaintiff's representation that the "Gross Amount" of Plaintiff's claims would exceed $50,000 should this action proceed as a class action, Plaintiff's counsel need only accrue at least $25,000 in attorneys' fees in order to satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332(a).

21. Should Garcia be successful in certifying the proposed class, the value of attorneys' fees alone will exceed $25,000, as: (a) Plaintiff's proposed class includes more than 200 individuals, and (b) awards of attorneys' fees in similar class actions alleging violations of wage-and-hour laws almost always exceed $25,000.

22. Based upon the foregoing, the amount in controversy well exceeds $75,000.

23. Accordingly, the United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## **REMOVAL JURISDICTION**

24. This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

25. Under section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1441(b) further provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* at § 1441(b)(2).

26. Plaintiff filed this action in the Court of Common Pleas of Philadelphia County, Pennsylvania. The Eastern District of Pennsylvania is the judicial district embracing Philadelphia

County, the place where the state action was brought, and, therefore, is the proper district to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

27. Under § 1446(b), the notice of removal shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. *See* 28 U.S.C. § 1446(b).

28. KN was served with the Complaint on July 3, 2025, and Defendant is filing this Notice of Removal within the timeframe specified under 28 U.S.C. § 1446(b).

29. Further, pursuant to § 1446(a), Defendant is simultaneously filing with this Notice of Removal copies of all process, pleadings, and orders of every kind existing on file in the Court of Common Pleas of Philadelphia County, Pennsylvania in this removed action. *See* Exhibit "C," attached hereto.

30. Additionally, Defendant is filing a copy of this Notice of Removal with the Court of Common Pleas of Philadelphia County, Pennsylvania. *See* 28 U.S.C. § 1446(d).

31. Defendant reserves its rights to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendant hereby removes this action now pending against it in the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

COZEN O'CONNOR

By: */s/ David J. Garraux*
David J. Garraux
Pa. Bar ID No. 204350
Peter Ennis
Pa. Bar ID No. 45754
One Oxford Centre

301 Grant Street, Fl. 41
Pittsburgh, PA 15219
dgarraux@cozen.com
pennis@cozen.com
Tel.: (412) 620-6451
Fax: (412) 275-2390

Jason Cabrera
Pa. Bar ID No. 315804
1650 Market Street
Suite 2800
Philadelphia, PA 19103
jcabrera@cozen.com
(215) 665-7267
(215) 665-2013

*Attorneys for Defendant*

Dated: July 23, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the following counsel via First Class U.S. mail, postage pre-paid on July 23, 2025:

Mark J. Gottesfeld
Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025

*Attorneys for Plaintiff*

By: *s/ David J. Garraux*
David J. Garraux